**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4595**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

JAMIE BLUNDER,

    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:16-cr-00307-RJC-1)

Submitted: October 10, 2019      Decided: November 25, 2019

Before KING and DIAZ, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William D. Auman, AUMAN LAW OFFICES, Asheville, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Jamie Blunder of conspiracy to possess with intent to distribute and distribute cocaine and crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2012), and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2012). He contends on appeal that the district court erred in denying his motion to suppress the wiretap evidence from his cell phones, that the district court should have excluded the testimony of the Government's expert witness about the methods and coded language used by cocaine traffickers, and that the evidence at trial was insufficient to support the § 924(c) conviction. We affirm.

Each application for an order authorizing or approving a wiretap under 18 U.S.C. § 2518 (2012) must include a full account of the facts and circumstances justifying the need for the order including "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(b), (c). "Although wiretaps are disfavored tools of law enforcement, the [g]overnment need only present specific factual information sufficient to establish that it has encountered difficulties in penetrating the criminal enterprise or in gathering evidence [such that] wiretapping becomes reasonable." *United States v. Wilson*, 484 F.3d 267, 281 (4th Cir. 2007) (internal quotation marks omitted). "When reviewing a district court's ruling on a motion to suppress, we review factual findings for clear error and legal determinations de novo." *United States v. Lull*, 824 F.3d 109, 114 (4th Cir. 2016) (internal quotation marks omitted).

2

We review for abuse of discretion a district court's determination that a wiretap was necessary. *Wilson*, 484 F.3d at 280.

Blunder contends that the Government's wiretap applications did not comply with 18 U.S.C. § 2518(1)(c). We have reviewed the record and discern no abuse of discretion in the district court's determination that the Government's wiretap applications complied with § 2518(1)(c). The district court therefore correctly denied the motion to suppress evidence obtained from the wiretaps.

Blunder next argues that the district court should not have allowed the Government's proffered expert witness to testify about the language, practices, and methods of cocaine traffickers. "We review a district court's evidentiary rulings for an abuse of discretion, and we will only overturn a ruling that is arbitrary and irrational." *United States v. Farrell*, 921 F.3d 116, 143 (4th Cir. 2019) (alterations and internal quotation marks omitted), *cert. denied*, No. 19-5466, 2019 WL 4923330 (U.S. Oct. 7, 2019). "[W]e will [also] not vacate a conviction if an error was harmless." *United States v. Sutherland*, 921 F.3d 421, 429 (4th Cir. 2019), *petition for cert. filed*, No. 19-433 (U.S. Sept. 30, 2019).

Rule 702 of the Federal Rules of Evidence provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion" if (1) "the expert's . . . specialized knowledge will help the [jury] to understand the evidence or to determine a fact in issue"; (2) "the testimony is based on sufficient facts or data"; (3) "the testimony is the product of reliable principles and methods"; and (4) "the expert has reliably applied the principles and methods to the facts

3

of the case." Fed. R. Evid. 702. Under Rule 702, a district court acts as a gatekeeper to ensure "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Nease v. Ford Motor Co.*, 848 F.3d 219, 229 (4th Cir. 2017) (emphasis and internal quotation marks omitted). In performing its gatekeeping role, "the district court must decide whether the expert has sufficient specialized knowledge to assist the jurors in deciding the particular issues in the case," and should "consider the proposed expert's full range of experience and training, not just his professional qualifications." *Belk, Inc. v. Meyer Corp.*, 679 F.3d 146, 162 (4th Cir. 2012) (internal quotation marks omitted).

We have distinguished between expert testimony that is experiential as opposed to scientific. *Wilson*, 484 F.3d at 274. With respect to expert testimony based on experience, the district court must require an expert witness "to explain how his experience leads to the conclusion reached, why his experience is a sufficient basis for the opinion, and how his experience is reliably applied to the facts." *Id.* (alterations and internal quotation marks omitted). We have reviewed the record and conclude that the district court did not abuse its discretion by qualifying the Government's witness as an expert under Rule 702.

Blunder's final argument is that the evidence at trial was insufficient to support his § 924(c) conviction. We review the denial of a Fed. R. Crim. P. 29 motion de novo. *United States v. Young*, 916 F.3d 368, 384 (4th Cir. 2019), *petition for cert. filed*, No. 18-1443, 2019 WL 4921376 (U.S. Sept. 30, 2019).

> In its assessment of a challenge to the sufficiency of evidence, a reviewing court views the evidence in the light most favorable to the prosecution and decides whether substantial evidence—that is, evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt—supports the verdict.

4

*Id.* (internal quotation marks omitted). To convict Blunder under § 924(c)(1)(A)(i), the Government had to prove that he possessed a firearm in furtherance of a drug trafficking crime. *United States v. Howard*, 773 F.3d 519, 527 (4th Cir. 2014). "[T]he government can prove constructive possession by showing that [the defendant] intentionally exercised dominion and control over the firearm, or had the power and the intention to exercise dominion and control over the firearm. The government can establish constructive possession by direct or circumstantial evidence." *United States v. Al Sabahi*, 719 F.3d 305, 311 (4th Cir. 2013) (citation and internal quotation marks omitted). Moreover, we have explained

> that § 924(c) requires the government to present evidence indicating that the possession of a firearm furthered, advanced, or helped forward a drug trafficking crime. Whether the firearm served such a purpose . . . is a factual inquiry. Factors that could lead a fact finder to conclude that a defendant possessed a firearm in furtherance of a drug crime include: the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.

*Howard*, 773 F.3d at 527 (citations and internal quotation marks omitted).

Here, the trial testimony established that law enforcement officers found a loaded revolver in a locked safe along with a digital scale and cocaine and crack cocaine packaged in plastic baggies for distribution. The safe was located in a townhome that Blunder used as a stash house for his cocaine trafficking. Blunder personally moved the safe into the townhome and kept the combination, which the only resident of the townhome did not have, in a safety deposit box. Given this evidence and the testimony of the Government's

5

expert that drug traffickers often keep firearms in their stash houses to protect their drugs and drug trafficking profits, the jury was entitled to find that Blunder possessed the firearm in furtherance of the drug trafficking conspiracy.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*